UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NIGEL GILLINGS, | | CASE NO.   1:12-cv-01533-MJS (PC) |
| | Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | | (ECF No. 1) |
| LEPE, et al., | | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| | Defendants. | |

**SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

Plaintiff Nigel Gillings, a federal prisoner proceeding pro se and in forma pauperis, filed this civil action on September 17, 2012, pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for the violation of civil rights by federal actors.  (ECF No. 1.)  Plaintiff consented to Magistrate Judge jurisdiction.  (ECF No. 5.)  His Complaint is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. SUMMARY OF COMPLAINT

The Complaint identifies Lieutenant Lepe and Warden Rios, officials at the United States Penitentiary, Atwater (Atwater), as the sole Defendants.

Plaintiff alleges the following:

On the morning of May 21, 2011, Plaintiff's cell became flooded with more than three inches of water. Officer Garcia alerted Plaintiff and his cell mate, Mr. Holmos, to the situation and provided towels and sheets to clean up the water. Plaintiff's legal work and family photos were damaged. Plaintiff requested Defendant Lepe's presence and, when he arrived, asked for a memorandum documenting the damage and its cause. Lepe refused. (Compl. at 3.)

Defendant Lepe then began speaking with Holmos. Plaintiff waited with an affidavit he had prepared detailing the damage in the hopes that Lepe would sign. The cell door's

food slot was open and "suddenly" Lepe tried to close it on Holmos' arm.  Lepe then sprayed seven bursts of a chemical gas into the cell and onto Plaintiff.  (Id.)

Plaintiff's face, body, and genitals burned.  He struggled to breath and went towards the food slot for fresh air.  Lepe closed the slot at that time and "look[ed] on gleefully."  (Id. at 14.)  Lepe kept the door closed for several minutes while Plaintiff begged.  Afterwards Plaintiff was removed from the cell and began the process of decontamination.  (Id.)

Plaintiff contends the Defendants violated his Eighth and Fourteenth Amendment rights.  (Id. at 3.)

## IV.   ANALYSIS

### A.   Bivens

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens."  Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991).  Under Bivens, a plaintiff may sue a federal

officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397. To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

**B.     Linkage Requirement**

Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Id. at 677-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in Bivens actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under Bivens, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

The Complaint contains nothing linking Warden Rios to the alleged violations. Although named as a Defendant, Rios is not even mentioned in the factual allegations. Without specific facts linking Rios to an act or omission, Plaintiff can not proceed on a

4

claim that Rios participated in the deprivation of his rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988). The mere fact that Rios may have supervised the individuals responsible for a violation is not enough. A Defendant may only be held liable in a supervisory capacity if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The Court will grant Plaintiff an opportunity to amend. In order to state a claim, Plaintiff needs to set forth sufficient facts showing that Defendant Rios personally took some action that violated Plaintiff's constitutional rights. Alleging that he is responsible just because he is the Warden and supervisor is not sufficient to state a cognizable claim.

## C. Eighth Amendment

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force.[1] Wilkins v. Gaddy, ___ U.S. ___, ___, 130 S.Ct. 1175, 1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with "the objective component being contextual and responsive to 'contemporary standards of decency.'" Hudson, 503 U.S. at 8 (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)). For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Wilkins, ___ U.S. at ___, 130 S.Ct. at 1178 (quoting

---

[1] Plaintiff alleges a violation of his Fourteenth Amendment right without specifying the basis for his claim. Any Bivens claims under the Fourteenth Amendment would have to be dismissed because the Fourteenth Amendment applies only to actions by a State or state actors. San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522, 543 n. 21 (1987).

Hudson, 503 U.S. at 7) (quotation marks omitted).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, ___ U.S. at ___, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Wilkins, ___ U.S. at ___, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9-10) (quotations marks omitted). In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency. Wilkins, ___ U.S. at ___, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Thus, it is the use of force rather than the resulting injury which ultimately counts. Id. at 1178.

Defendant Lepe allegedly sprayed chemical agent into Plaintiff's cell and onto Plaintiff seven times without cause. Plaintiff asserts that prior to being sprayed with a chemical agent he was confined to his cell and had verbally asked Defendant Lepe to document the water damage to his personal effects. Lepe refused Plaintiff's initial request and began speaking with Plaintiff's cell mate, Holmos. In the course of his discussions with Holmos, Lepe "suddenly" tried to close the open food slot door on Holmos' arm. When the

door would not close, Lepe discharged the chemical agent.  (Compl. at 3.)

These allegations suggest that Lepe fired a chemical agent after he was prevented from closing Plaintiff's food slot door by Plaintiff's cell mate.  As pled, the Complaint suggests that Lepe may have been applying force (via the chemical agent) in a good-faith effort to maintain or restore discipline after encountering an obstacle to his effort to close the food slot door.  Aside from the allegation that Lepe had a look of glee on his face, the Complaint does not contain enough facts to enable the court to conclude at this time that it alleges excessive force used maliciously and sadistically to cause harm.  In order to clarify his excessive force claim, Plaintiff must describe in detail the circumstances before, during, and after the chemical agent was deployed.  Was there a dispute over the water damage report forms or any other matter?  What was discussed between Lepe and Holmos before Lepe attempted to close the food door? Was Lepe asked or told to remove his arm from the slot? What was his response? What was said by Plaintiff and the other two participants after the door was closed on Lepe's arm and after the spray was discharged? The factual allegations must clearly demonstrate that Lepe's use of force was wanton and unnecessary.  See, e.g., Vlasich v. Reynoso, 117 F. App'x 568, 569 (9th Cir. 2004) (finding "a reasonable inference of wanton infliction of pain in violation of the Eighth Amendment" where officers still administered pepper spray after compliance rather than administering pepper spray in order to gain compliance).

## V.    CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the

7

alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed September 17, 2012;

      2.      Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

      3.      Plaintiff shall file an amended complaint within thirty (30) days; and

      4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   December 21, 2012          /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE