UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NIGEL GILLINGS,**<br><br>            **Plaintiff**<br><br>     v.<br><br>**LEPE, et al.,**<br><br>            **Defendants** | **CASE NO. 1:12-CV-1533 AWI MJS  (PC)**<br><br>**ORDER ON MOTION FROM RELIEF FROM AGREEMENT, ORDER CLOSING CASE PURSUANT TO STIPULATION, and ORDER DENYING ALL OTHER PENDING MOTIONS**<br><br>(Doc. No. 47, 49, 52, 54, 55, 56, 58, 60, 62, 63, 64, 69) |

Plaintiff Nigel Gillings is incarcerated and proceeding pro se in this 42 U.S.C. § 1983 *Bivens* action against Defendant Lt. Lepe.  Currently before the Court are motions related to a settlement and stipulated dismissal.  Plaintiff wishes to rescind the settlement and stipulation for dismissal, and Defendant wishes to enforce the stipulation for dismissal.  For the reasons that follow, Plaintiff's motions will be denied, and the Court will give effect to the stipulation of dismissal and close this case.

*Background*

Plaintiff is currently housed in a federal prison in Virginia, but the occurrence that forms the basis of Plaintiff's complaint occurred at the federal prison in Atwater, California.  Plaintiff alleges a violation of the Eighth Amendment based on an encounter with Defendant.  Plaintiff contends that Defendant improperly and unconstitutionally used pepper spray against him.  See Doc. No. 7.

Following the pepper spray incident, Plaintiff filed a claim with the Federal Government pursuant to the Federal Tort Claims Act.  See Dorret Dec. Ex. 1.  Plaintiff's claim was denied, see id. at Ex. 2, and Plaintiff then filed this lawsuit.

1    On January 7, 2015, a Federal Bureau of Prisons ("BOP") attorney entered into
2 negotiations with Plaintiff.  See Dorrett Dec. ¶ 5.  The BOP attorney offered to settle the
3 previously denied Federal Tort Claims Act claim for $2,750.  See id. at ¶¶ 5, 6.  However, Plaintiff
4 was also required to dismiss this *Bivens* action and was required to sign a Judgment Fund Voucher
5 that contained a release.  See id.  On January 7, 2015, Plaintiff signed the Judgment Fund Voucher
6 and a dismissal of this *Bivens* case.  See id. at Ex. 4.  On January 13, 2015, the Judgment Fund
7 paperwork was sent to the Judgment Fund for payment.  See id. at ¶ 7.

8    On January 15, 2015, Plaintiff filed an emergency motion to void settlement agreement
9 and stipulation, and on January 23, 2015, Plaintiff filed a motion to alter or rescind a settlement
10 agreement.  See Doc. No. 63, 64.  In his motions, Plaintiff wants to void the January 7 settlement
11 because the language of the voucher that he signed is ambiguous and would collaterally estop him
12 from pursuing other non-monetary forms of relief, i.e. he would be precluded from attempting to
13 obtain the termination of Defendant and seeking a sentence reduction through 18 U.S.C. § 3582 or
14 28 U.S.C. § 2241.  See id.  Plaintiff argues that there was fraud because he has not received
15 payment, and because he was tricked to signing the ambiguous voucher release.  See Doc. No. 64.
16 Plaintiff indicates that he was given an offer to settle his tort claims, that he was not given time
17 think about the offer despite a request for time, and that he was told he would be given a copy of
18 the relevant documents after he signed them.  See id.

19    On January 28, 2015, Defendant filed a response to the motion to void settlement, an
20 opposition to the motion to alter or rescind agreement, and filed a stipulation for dismissal with
21 prejudice of this action.  See Doc. Nos. 65, 66, 67.  The opposition *inter alia* states that there are
22 no valid grounds raised by Plaintiff to rescind the settlement, and the settlement does not preclude
23 plaintiff from pursuing a sentence reduction.  See Doc. Nos. 65, 66.  The stipulation of dismissal is
24 signed by all parties and requests that this case be dismissed with prejudice.  See Doc. No. 67.

25    On February 5, 2015, Plaintiff filed a motion to proceed with this case on the merits.  See
26 Doc. No. 69.  Plaintiff states *inter alia* that when he was negotiating and agreed to the settlement,
27 he had a stomach virus, was on medication, had been working 12 hour shifts in Unicor, and was
28 under some form of economic duress.  See id.

*Discussion*

The rule is that a properly signed written stipulation of dismissal automatically terminates a case upon the filing of the stipulation, and no court order is necessary to effect termination. See Fed. R. Civ. Pro. 41(a)(1)(A)(ii); Yesh Music v. Lakewood Church, 727 F.3d 356, 361-62 & n.12 (5th Cir. 2013); In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989). Further, voluntary dismissals are considered to be orders or judgments from which Rule 60(b) relief can be granted. See Yesh Music, 727 F.3d at 361; In re Hunter, 66 F.3d 1002, 1004-05 (9th Cir. 1995). Here, the stipulated dismissal is signed by all parties to this case. However, Plaintiff's motions raise Rule 60(b) type issues. Although couched in Rule 60(b) language, Plaintiff has not sufficiently shown that he is entitled to Rule 60(b) type relief from the stipulated dismissal.

First, Plaintiff has not identified any fraudulent statements or conduct by any government attorney. Plaintiff indicates that he was not given extra time to consider the offer, but Plaintiff has cited no authority that would have required that he be given additional time to think things over. Plaintiff indicates that he was not given copies of the documents until after he signed the documents. However, Plaintiff makes no allegations that he was not given an opportunity to read the documents before he signed them. Plaintiff has not shown that he was fraudulently induced to sign the voucher and dismissal.

Second, and relatedly, Plaintiff has not cited authority that the voucher release would preclude him from seeking a reduction in sentence through 28 U.S.C. § 2241 or attempting to utilize 18 U.S.C. § 3852. The release covers claims against the United States, and it was made in the context of a Federal Tort Claims Act claim and a *Bivens* lawsuit. Plaintiff cannot obtain a reduction in sentence through such mediums. See Powell v. Fleming, 27 Fed. Appx. 970, 974 (10th Cir. 2001); Walker v. Cross, 2014 U.S. Dist. LEXIS 10373, *4-*5 (S.D. Ill. Jan. 27, 2014). The Court is unaware of such releases precluding an effort to reduce a sentence through § 2241 or § 3852, and Defendant states that nothing indicates that the release would prevent Plaintiff from seeking a sentence reduction.[1] See Doc. Nos. 67, 70.

---

[1] In terms of obtaining Lt. Lepe's termination, the Court is aware of no authority under which Plaintiff could obtain such "relief."

Third, there is insufficient evidence that the government has invalidated the settlement agreement.  The declaration from the BOP attorney shows that the appropriate paper work was forwarded to the appropriate agency on January 13, 2015.  Plaintiff has not shown that payment was to be made by any particular date.  It is not unexpected that some processing time is needed before payment is made.

Finally, Plaintiff states that a need for finances goes without saying in relation to an individual who has been incarcerated for 17 years.  However, a need for finances is not the same as economic duress.[2]

In sum, Plaintiff has not established a basis for rescinding the dismissal. The stipulated dismissal is valid, and the settlement precludes this lawsuit from proceeding forward.  See 28 U.S.C. § 2672.  To the extent Plaintiff's pre-January 28 submissions may have precluded what would have otherwise been an automatic dismissal, the Court will direct the Clerk to close this case.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The CLERK is directed to CLOSE this case in light of the parties stipulation for dismissal with prejudice (Doc. No. 68); and
2. All pending motions (Doc. Nos. 47, 49, 52, 54, 55, 56, 58, 60, 62, 63, 64, 69) are DENIED in light of the stipulation for dismissal.

IT IS SO ORDERED.

Dated:   February 26, 2015

SENIOR  DISTRICT  JUDGE

---

[2] The Court notes that Plaintiff cites extensively from Montana law.  However, there is no reason given as to why Montana law would have any application to any issues in this case.

4